Jesse S. Johnson*
Florida Bar No. 0069154
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561-826-5477
Fax: 561-961-5684
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

* to seek admission *pro hac vice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID B. DEES, on behalf of himself and others similarly situated, | ) Case No.<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **CLASS ACTION COMPLAINT AND**<br>) **TRIAL BY JURY DEMAND** |
| TRANSWORLD SYSTEMS, INC., | )<br>) |
| Defendant. | )<br>) |
| _____ | ) |

1

## NATURE OF ACTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Arizona consumers who have been the subject of debt collection efforts by Transworld Systems, Inc. ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. The [CFPB] receives more consumer complaints about debt collection practices than about any other issue." *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014).[1]

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

---

[1]  http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to David B. Dees's ("Plaintiff") action occurred in this district, and where Defendant transacts business in this district.

## PARTIES

6. Plaintiff is a natural person who, at all relevant times, resided in Maricopa County, Arizona.

7. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

8. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, electric utility services for his home (the "Debt").

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is a corporation with principal offices located in Lake Forest, Illinois.

11. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

3

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

14. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. On or about April 11, 2017, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

16. A true and correct copy of the April 11, 2017 communication to Plaintiff is attached as Exhibit A.

17. Relevant here, the April 11, 2017 communication to Plaintiff opened with the following heading: "Your Account May Be Credit Reported." Ex. A.

18. Under this heading, Defendant's letter began:

> Our records indicate that your balance of $195.58 is due in full. It is our intention to work with you to resolve this collection account. However, if you fail to resolve this collection account, the account may be reported to all national credit bureaus following the expiration of the validation period described below.

*Id.*

19. The April 11, 2017 communication also stated: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." *Id.*

4

20. Defendant's threats to "credit report" the Debt absent resolution are significant because, as of the date of its letter, Defendant *already* had done so.

21. That is, on or about April 10, 2017, Defendant reported the Debt to TransUnion such that it appeared on Plaintiff's TransUnion credit report as of the date of Defendant's letter, or even prior to that date.

22. Yet, Defendant's April 11, 2017 communication specifically stated that Plaintiff's account "may be reported to all national credit bureaus following the expiration of the validation period" thirty days after receipt of the letter, even though credit reporting already had occurred well before the expiration of such validation period.

23. Thus, Defendant's attempt to leverage the possibility of future credit reporting to obtain payment on the Debt was false and misleading in light of its earlier reporting actions, in violation of 15 U.S.C. § 1692e(10).

24. What's more, even assuming the heading "Your Account May Be Credit Reported" was intended to be read in the present tense (as in, Plaintiff's account may *already* be credit reported), rather than in the future tense (as in, Plaintiff's account *will be* credit reported if he does not respond), this statement would still be misleading since it could reasonably be read in at least two different ways—one of which is necessarily inaccurate. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011).

25. This is an additional grounds for Defendant's violation of 15 U.S.C. § 1692e(10).

26. Further, Defendant's use of false threats of credit reporting "following the expiration of the validation period"—which credit reporting already had occurred—was unfair and unconscionable, in violation of 15 U.S.C. § 1692f.

## CLASS ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as:

> All persons (a) with an Arizona address, (b) to whom Transworld Systems, Inc. mailed a debt collection communication, (c) in connection with the collection of a consumer debt, (d) within the year preceding this complaint, (e) which included the following language: "Your Account May Be Credit Reported," and/or "if you fail to resolve this collection account, the account may be reported to all national credit bureaus following the expiration of the validation period described below," (f) but whose subject account already had been reported by Transworld Systems, Inc. to at least one national credit bureau on or before the date of the letter.

28. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

29. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

30. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

31. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

32. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

33. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

34. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

36. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

37. There will be no difficulty in the management of this action as a class action.

38. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

7

39. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. Defendant's use of false, misleading, and deceptive information to attempt to extract payments from the class members;

   c. the existence of Defendant's identical conduct particular to the matters at issue;

   d. the availability of statutory penalties; and

   e. the availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

40. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 39.

41. The FDCPA at 15 U.S.C. § 1692e provides in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. Defendant's April 11, 2017 letter warned that Plaintiff's "Account May Be Credit Reported," and further threatened that if he "fail[ed] to resolve this collection account, the account may be reported to all national credit bureaus following the expiration of the validation period described below." Ex. A.

43. In reality, Defendant already had reported the alleged Debt to at least one national credit bureau, TransUnion, *prior* to issuing the April 11, 2017 letter.

44. Thus, Defendant's threats of credit reporting were false, and its attempt to leverage the *possibility* of credit reporting to obtain payment on the Debt was thereby false, misleading, and deceptive, in light of its earlier actions.

45. As a result, Defendant violated 15 U.S.C. § 1692e.

46. Moreover, Defendant also violated 15 U.S.C. § 1692e because the heading "Your Account May Be Credit Reported" is misleading and deceptive in that it could be reasonably read in two different ways—either as a threat of *future* conduct or as a statement of *past* reporting activity.

47. One of these interpretations necessarily is not true, and according to the Ninth Circuit, "it is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Gonzales*, 660 F.3d at 1062 (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)).

48. This inherent inconsistency provides an additional grounds for Defendant's section 1692e liability.

49. Further, the harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and provided him false and misleading information regarding that debt.

50. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights. In addition,

9

Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

51. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 39.

52. The FDCPA at 15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> \*   \*   \*

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. Defendant's April 11, 2017 letter warned that Plaintiff's "Account May Be Credit Reported," and further threatened that if he "fail[ed] to resolve this collection account, the account may be reported to all national credit bureaus following the expiration of the validation period described below." Ex. A.

54. In reality, Defendant already had reported the alleged Debt to at least one national credit bureau, TransUnion, *prior* to issuing the April 11, 2017 letter.

55. Thus, Defendant's threats of credit reporting were false, and its attempt to leverage the *possibility* of credit reporting to obtain payment on the Debt was thereby false and deceptive, in light of its earlier actions.

56. As a result, Defendant violated 15 U.S.C. § 1692e(10).

57. Moreover, Defendant also violated 15 U.S.C. § 1692e(10) because the heading "Your Account May Be Credit Reported" is deceptive in that it could be reasonably read in two different ways—either as a threat of *future* conduct or as a statement of *past* reporting activity.

58. One of these interpretations necessarily is not true, and according to the Ninth Circuit, "it is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Gonzales*, 660 F.3d at 1062 (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)).

59. This inherent inconsistency provides an additional grounds for Defendant's section 1692e(10) liability.

60. Further, the harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and provided him false and deceptive information regarding that debt.

61. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

# COUNT III
# VIOLATION OF 15 U.S.C. § 1692f

62. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 39.

63. The FDCPA at 15 U.S.C. § 1692f provides in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

64. At the time Defendant sent its April 11, 2017 letter to Plaintiff, it already had reported Plaintiff's Debt to at least one credit bureau: TransUnion.

65. Yet, to coerce payment from Plaintiff, Defendant falsely declared that the Debt *may be* credit reported within 30 days of receipt of the letter unless Plaintiff resolved the Debt before that time, thus implying that reporting had not yet happened but was imminent.

66. By using false threats of credit reporting to attempt to gain leverage over Plaintiff, Defendant utilized unfair and unconscionable means to attempt to collect a debt from Plaintiff.

67. Thus, Defendant violated 15 U.S.C. § 1692f.

68. Further, the harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and used unfair and unconscionable means to collect that debt.

69. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is

likely to mislead consumers, causing them to misunderstand their rights. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages pursuant to 15 U.S.C. § 1692k, as applicable;

E. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

F. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 6th day of November, 2017.

By: *s/ Jesse S. Johnson*
Jesse S. Johnson*

* to seek admission *pro hac vice*